■ JEREMIAH A. QUINLAN, Respondent-Appellant, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant-Respondent.— Appeal from judgment entered on January 31, 1966, dismissed as academic, without costs and without disbursements. No opinion. Amended judgment for $18,441.50, entered June 20, 1966, upon a verdict in favor of plaintiff for $15,000 for fraud, unanimously reversed on the law, on the facts, and in the exercise of discretion, with $50 costs and disbursements to defendant-appellant, the verdict vacated, and a new trial granted on the ground that the verdict was against the weight of the credible evidence. Plaintiff barely and only literally spells out a case for fraud by the juxtaposition of the alleged oral promise to rehire plaintiff if he obtained a reversal of his criminal conviction with the personnel record made on the same day to the effect that plaintiff would not be rehired under any circumstances even if he obtained a reversal of the criminal conviction. It is incredible that the false promise would have been made

solely to avoid the bringing of a grievance before the union, especially when that grievance would turn on the right to discharge one in chronic trouble for gambling arrests and convictions on company premises and time. It is also incredible that plaintiff pursued his criminal appeal in reliance on the false promise rather than for his own personal reasons. This case offers occasion to repeat: "Mindful as we are of the weight to be given a jury's verdict where the facts are disputed and issues of credibility are presented, we are not required to give credence to a story so inherently improbable that we are morally certain it is not true" (*Bottalico* v. *City of New York*, 281 App. Div. 339, 341 [PECK, P. J.], app. withdrawn 306 N. Y. 593). There was error too in the charge to the jury that if they believed the false promise was made it was as a factual representation rather than as a promissory expression. This, perhaps, was one of the more important questions for the jury to decide and a charge that it was so as a matter of law cannot stand. A subsequent statement in the charge to the effect that the jury should determine whether a statement of fact or a promise was made would only have confused the jury since the prior instruction remained uncorrected. Concur—Breitel, J. P., McNally, Steuer and Capozzoli, JJ.